IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Jones, | ) C/A No.: 0:11-1093-JMC-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| L. Casey Manning, Judge, | ) **RECOMMENDATION** |
| Defendant. | ) |

This matter has been removed from state court by the Defendant and is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Nathaniel H. Jones, ("Plaintiff"), proceeding *pro se*, originally filed this matter in the Richland County Court of Common Pleas against Defendant, L. Casey Manning, a state court judge. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

### BACKGROUND

The Plaintiff originally filed a complaint in an action captioned <u>Jones v. Thames</u>, Civil Action Number 09-CP-40-01535, in the Richland County Court of Common Pleas. In that action, the Plaintiff alleged that Assistant Attorney General Julie Thames provided "misleading information" to Circuit Court Judge Michael Nettles in the Plaintiff's habeas corpus action captioned <u>Jones v. State of South Carolina</u>, Civil Action No. 2008-CP-21-1999. The Plaintiff also alleged that former Attorney General Henry D. McMaster failed to provide exculpatory evidence to Thames for use in her defense of that habeas action. McMaster and Thames moved for summary judgment on several grounds. A hearing was held before Circuit Court Judge Alison Renee Lee on October 21, 2009. By order filed

February 5, 2010, Judge Lee granted summary judgment to McMaster and Thames on the basis that they are entitled to absolute prosecutorial immunity. The Plaintiff then filed a Rule 59(e) motion for reconsideration, which was subsequently denied by Judge Lee in her order filed March 2, 2010. The Plaintiff did not file an appeal from these orders. Instead, on July 8, 2010, the Plaintiff filed a motion for relief from the judgment pursuant to Rule 60(b), SCRCP. The Plaintiff also filed a motion to disqualify Judge Lee and for an evidentiary hearing. Those motions were heard on December 1, 2010, by Defendant L. Casey Manning in his capacity as a Circuit Court Judge. By form order filed December 3, 2010, Judge Manning denied the motions. Plaintiff then filed a Complaint in state circuit court against Judge Manning claiming his rights to "freedom of speech" and the right to "[p]eaceably ... petition... the [c]ourt" were hindered. He seeks damages. This removal followed.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to 28 U.S.C. § 1915A(a). Under that provision, the court must review, as soon as practicable after docketing, a Complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. The statute also directs the court to identify cognizable claims, or dismiss the complaint if it is one which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(2).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and



a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Judges are absolutely immune from any claim seeking damages for alleged harms arising out of their judicial actions. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune

from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478 (1991) (safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").  As a result, Defendant Manning is entitled to summary dismissal.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed *without prejudice*.  See 28 U.S.C. § 1915A (the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal).  In light of this recommendation, the court further recommends that the plaintiff's pending motions (ECF Nos. 8 & 11) be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 28, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).