IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Nathaniel Jones, | ) | |
| | ) | C.A. No. 0:11-cv-01093-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| L. Casey Manning, Judge, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Nathaniel H. Jones, ("Plaintiff"), proceeding *pro se*, originally filed this matter in the Richland County Court of Common Pleas against Defendant, L. Casey Manning ("Judge Manning"), a state court judge. Plaintiff claims that Judge Manning hindered his rights to "freedom of speech" and the right to "[p]eaceably ... petition... the [c]ourt" by denying Plaintiff's motions seeking recusal of a prior presiding judge in an underlying case. Judge Manning removed the action to this court. The Magistrate Judge made a Report and Recommendation ("Report") [Doc. 20], on June 29, 2011, recommending that the action be dismissed without prejudice on the basis of judicial immunity and that Plaintiff's Motion for a Hearing [Doc. 8][1] and Motion for Summary Judgment [Doc. 11] be terminated. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local

---

[1] The Court denied Plaintiff's Motion for Hearing [Doc. 8] in a docket text order [Doc. 34] on August, 29, 2011. Therefore, the recommendation in the Report that the Motion for Hearing be terminated is now moot.

1

Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff timely filed objections [Doc. 22] and supplemental objections [Doc. 24] to the Report. In his objections, Plaintiff attacks the Magistrate Judge's authority to issue the Report and claims that he is entitled to summary judgment because Judge Manning failed to respond to the motion. Plaintiff further asserts that Judge Manning waived immunity by removing the case to federal court. Plaintiff's supplemental objections elaborate on his claim that his summary judgment motion should have been granted. The court finds that Plaintiff's objections have no merit.

In the Report, the Magistrate Judge found that Judge Manning was entitled to summary dismissal based on judicial immunity. This court agrees with the Magistrate Judge's determination. Plaintiff complains that Judge Manning hindered his constitutional rights by denying Plaintiff's state court motions. Judge Manning's denial of Plaintiff's motions was clearly a judicial action and he is absolutely immune from Plaintiff's claims for damages arising from that action. *See Chu v. Griffith,* 771 F.2d 79, 81 (4th Cir. 1985). Despite Plaintiff's arguments to the contrary, Judge Manning did not waive this absolute immunity by removing this case to federal court. Additionally, Plaintiff is not entitled to a grant of summary judgment where he has not met his burden of demonstrating entitlement as a matter of law. *See* Fed. R. Civ. P. 56(a). As it appears Plaintiff's

only basis for his claims against Judge Manning arise from judicial action for which Judge Manning is absolutely immune, the court finds that dismissal with prejudice is appropriate in this case. *See* 28 U.S.C. § 1915A(b)(2).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. 20] and incorporates it herein with the modification that the case be dismissed with prejudice and that Plaintiff's Motion for Summary Judgment be **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 16, 2011
Greenville, South Carolina